UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONHSEN MUNEER, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM MINHAJ MUNEER, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SEA WORLD PARKS & ENTERTAINMENT, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.:  24-CV-529 W (MSB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE IMPLEADER COMPLAINT [DOC. 16]** |

　　　Pending before the Court is Defendant Sea World Parks & Entertainment, Inc.'s motion for leave to file a third-party complaint against Minhaj Muneer for indemnity and related causes of action under Federal Rule of Civil Procedure 14(a).  Plaintiff Monhsen Muneer, by and through his guardian ad litem Minhaj Muneer, opposes.

　　　The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** the motion [Doc. 16].

## I. DISCUSSION

Under Federal Rule of Civil Procedure 14(a), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a). The decision about whether to grant leave to implead a third-party defendant rests in the sound discretion of the district court. *Southwest Admrs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The purpose of Rule 14 is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Id.* "Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader." *Federal Deposit Ins. Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991). "[A] court, called upon to exercise its discretion as to impleader, must balance the desire to afford circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D. Cal. 2008).

If there is any possibility the third-party defendant may be liable for some or all the defendant's liability to the plaintiff, then the impleader action should be allowed. *Banks v. Emeryville*, 109 F.R.D. 535, 540 (N.D. Cal. 1985). Additionally, "impleader should be allowed if the third party complaint arises out of the same set of operative facts, and 'if under some construction of facts which might be adduced at trial, recovery might be possible.'" *Id.* Factors considered in determining whether to permit impleader are: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal 2000). Here, for the reasons that follow, the Court finds three factors weigh in favor of granting Defendant's motion and the remaining factor is neutral.

### A. Prejudice to Plaintiff

Plaintiff argues impleading Minhaj Muneer, Plaintiff's guardian ad litem and father, would substantially prejudice Plaintiff by creating a conflict of interest. (*Opp'n* [Doc. 17] at 3:5–6.). The argument is not persuasive for two reasons.

First, while the Court recognizes the impleader action will create a conflict of interest, it would appear to be easily remedied by the appointment of a new guadian ad litem.[1] Conversely, Defendant would be prejudiced if denied the ability to implead Mr. Muneer by being forced to file a separate lawsuit. This is the exact circuity Rule 14 was intended to avoid.

Second, the type of prejudice typically cited by courts evaluating a Rule 14 motion is a delay in the proceedings because the potential third-party defendant lacks familiarity with the case. *See, e.g.*, *Green Valley Corp. v. Caldo Oil Co.*, 2011 WL 1465883, *8 (N.D. Cal. 2011) (finding prejudice where motion would add parties unfamiliar with the case and the motion was filed "only 4.5 months prior to close of discovery" and thus "could delay resolution of this case."); *see also Zero Tolerance*, 254 F.R.D. at 127 (holding third-party defendant is prejudiced when permitting impleader would require extending the discovery deadline and delay trial). Here, Mr. Muneer has been involved in this litigation since it was removed to this Court and, therefore, is well-acquainted with the issues. (*See Notice of Removal* [Doc 1] at 2:18–19.) Allowing Defendant to file a third-party complaint would not result in significant delay.

For these reasons, this factor weighs in favor of granting the motion.

### B. Complication of Issues

Plaintiff contends the proposed third-party complaint would introduce unnecessary complexity into the case by attempting to "shift blame." (*Opp'n* at 3:10–15.) But this

---

[1] There is no indication that Plaintiff's father is the only available guardian ad litem.

type of alleged "complexity" is the exact reason underlying Rule 14(a)—to allow a defendant to shift blame and demonstrate that another party is liable for some or all of plaintiff's injuries. In fact, as set forth above, "impleader should be allowed if the third party complaint arises out of the same set of operative facts, and 'if under some construction of facts which might be adduced at trial, recovery might be possible.'" *Banks*, 109 F.R.D. 535. Therefore, this factor also weighs in favor of granting the motion.

### C. Likelihood of Trial Delay

Plaintiff contends the impleader action would cause undue delay. (*Opp'n* at 3:17.) However, as both Plaintiff and Defendant noted when the motion was filed, discovery is in its early stages and no trial date has been set. (*Id.* at 3:18; *P&A* [Doc. 16] at 4:9.) Further, no depositions have gone forward, and Mr. Muneer has not been deposed. (*P&A* at 4:11–12.) This factor weighs in favor of granting the motion.

### D. Timeliness of the motion

Plaintiff argues Defendant delayed filing the motion and, therefore, must demonstrate good cause for the delay. (*Opp'n* at 4:18.) But Plaintiff fails to cite authority supporting the contention that Defendant must demonstrate good cause, which is the standard applicable to a motion to modify a scheduling order under Federal Rule of Civil Procedure 16(b)(4), not for evaluating a motion under Rule 14.

Further, Defendant did not unreasonably delay in filing the motion. Plaintiff and Defendant originally sought to resolve whether Defendant should be allowed to file an impleader action by filing a "joint motion" on July 18, 2024, one day before the deadline. However, the motion was not a "joint motion," and was rejected on July 23, 2024.[2]

---

[2] Under Civ.L.R. 7.2, joint motions are akin to stipulations in which the parties agree to the requested relief. In contrast, the "joint motion" filed in this case set forth the parties' arguments over Defendant's request to file the impleader. It was an opposed motion governed by Civ.L.R. 7.1, not a joint motion.

Defendant's counsel then exercised diligence and filed the pending motion two days later. Plaintiff filed his opposition seven days later. Under these circumstances, this factor is neutral regarding whether to grant the Motion.

### E. **Plaintiff's Remaining Arguments**

Plaintiff also contends that Defendant's impleader allegations against Mr. Muneer are speculative and insufficient to establish liability. (*Opp'n* at 5:3–4.) However, whether a third-party complaint states a claim or is futile is not a factor for determining whether to grant a motion for leave to file an impleader action. Accordingly, Plaintiff's final contention lacks merit.

## II. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** the Defendant's motion for leave to file an impleader action [Doc. 16]. Defendant shall file the third-party complaint **on or before February 21, 2025**.

IT IS SO ORDERED.

Dated: February 12, 2025

_____
Hon. Thomas J. Whelan
United States District Judge