# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M., *a minor, by and through his Guardian Ad Litem*, MINHAJ MUNEER,<br><br>                                                  Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC., et al.,<br><br>                                                  Defendants. | Case No.:  24cv529-W (MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING JOINT MOTION FOR APPROVAL OF MINOR'S COMPROMISE [ECF NO. 38]** |

Now pending before the Court is the parties' Joint Motion for Approval of Minor's Compromise, filed on November 3, 2025.  (See ECF No. 38 ("Joint Mot.").)  This Report and Recommendation is submitted to the Honorable Thomas J. Whelan, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 17.1(a) of the United States District Court for the Southern District of California.  Having reviewed the Joint Motion, and for the reasons set forth below, the Court **RECOMMENDS** that the District Judge **GRANT** the Joint Motion.

//

//

//

I.   BACKGROUND

A.   Factual Background

This is a personal injury action brought by Minhaj Muneer[1] on behalf of his minor child, M.M. ("Minor Plaintiff"), against Sea World LLC, erroneously sued as Seaworld Parks & Entertainment, Inc. ("Defendant"). (See generally ECF No. 1-2 at 2–15.) According to Minor Plaintiff's Complaint, on or about December 26, 2021, Minor Plaintiff and his family were invitees on the premises owned by Sea World LLC, located at 500 Sea World Drive, San Diego, California, 92109 ("Sea World"). (See id. at 6.) Minor Plaintiff alleges that, while he and his family were walking toward a show, "the lighting conditions within the subject premises were inadequate" and "the area was poorly lit and overcrowded." (Id.) Suddenly, an unidentified patron fell directly onto Minor Plaintiff, resulting in "severe injury and pain." (Id.)

Minor Plaintiff received medical attention initially at Sea World and subsequently at Rady Children's Hospital. (Joint Mot. at 3.) At Sea World, Minor Plaintiff complained of "left femur pain caused after a man tripped over him and accidentally 'stepped on his knee.'" (Id.) Minor Plaintiff's femur was swollen, and his parents were advised to take him to the hospital. (Id.) That same night, Minor Plaintiff was admitted to Rady Children's Hospital for a closed manipulation of a femur fracture. (Id.) Following a successful procedure, Minor Plaintiff was placed in a single leg spica cast, and he was discharged the next day. (Id.) During Minor Plaintiff's recovery, he experienced "restricted mobility and reliance on caregivers for basic daily activities." (See ECF No. 30 at 7–8.) Minor Plaintiff submitted to regular follow-up evaluations and imaging studies to ensure proper alignment and healing of his femur. (Id. at 8.)

On April 11, 2022, the cast was removed, and X-rays indicated that the fracture healed in good alignment. (Joint Mot. at 3.) On July 28, 2022, supplemental X-rays

---

[1] The spelling of Minhaj Muneer's name varies in different filings on the docket. This Report and Recommendation adopts the spelling used in Minor Plaintiff's Complaint. (See ECF No. 1-2 at 2.)

indicated that the fracture line was no longer visible. (Id.) However, due to "residual challenges, including stiffness, weakness, and limited mobility in the left leg," Minor Plaintiff began to participate in a rehabilitation program. (ECF No. 30 at 8.) According to Neil Ghodadra, M.D., Minor Plaintiff's future care is likely to include follow-up orthopedic visits, X-rays, CT scans, and physical therapy to monitor the condition of the affected femur. (Id. at 9.) However, Minor Plaintiff has no permanent injuries, and Minor Plaintiff is "expected to do well going forward." (Joint Mot. at 3.)

As a result of the incident, Minor Plaintiff incurred medical expenses totaling $8,534.87 before any reductions. (See id. at 4.) Minor Plaintiff's total medical expenses were subsequently reduced to $5,000.00. (Id.) Minor Plaintiff's counsel has waived all attorney's fees and costs. (Id.)

**B.   Procedural History**

On December 21, 2023, Minor Plaintiff commenced this action by filing a Complaint against Defendant in the Superior Court of California, County of San Diego. (See generally ECF No. 1-2 at 2–15.) Minor Plaintiff asserted separate causes of action for general negligence and premises liability under California law, alleging that Defendant "knew, or should have known in the exercise of reasonable care, that the lighting conditions and overcrowding" at Sea World constituted a dangerous condition. (Id. at 6–7.) Minor Plaintiff further alleged that Defendant's negligence was the actual and proximate cause of Minor Plaintiff's injuries. (See id. at 6.) Minor Plaintiff filed a Statement of Damages seeking general damages in excess of $1 million and special damages in excess of $1 million. (See id. at 14–15.) On March 20, 2024, Defendant removed the case to this Court [ECF No. 1] and concurrently filed an Answer to Minor Plaintiff's Complaint [ECF No. 2]. On May 20, 2024, this Court held an Early Neutral Evaluation and Case Management Conference [ECF No. 8] and issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings [ECF No. 9]. On April 24, 2025, the parties filed a Joint Notice of Conditional Settlement, informing the Court that the parties settled the case in principle. (See ECF No. 26.) On June 4, 2025, the parties filed

a Joint Motion for Approval of Minor's Compromise.  (ECF No. 28.)  On June 6, 2025, the Court ordered the parties to file supplemental briefing in support of the settlement.  (ECF No. 29.)  On June 12, 2025, Minor Plaintiff's counsel timely filed a Supplemental Brief.  (ECF No. 30 ("Suppl. Br.").)  On November 3, 2025, after the Court granted various extensions to re-file their Joint Motion for Approval of Minor's Compromise [see ECF Nos. 34, 37], the parties filed the instant Joint Motion.

### C. Settlement Terms

As set forth in the parties' original Joint Motion for Approval of Minor's Compromise ("Original Joint Motion"), the total settlement amount was $15,000.00, with Minor Plaintiff to receive $0.00 and Minor Plaintiff's counsel to receive $15,000.00.  (See ECF No. 28 at 4.)  The Original Joint Motion states that Plaintiff incurred litigation costs totaling $22,635.17, and thus, the settlement funds payable to Minor Plaintiff would be $0.00.  (Id.)  The parties argued this settlement was "fair, reasonable, and in the best interest of [Minor] Plaintiff because his ability to prove negligence or premises liability is remote since he has not provided any indisputable evidence to support his claims against Defendant."  (Id.)  The parties further argued that "settling the case now protects [Minor] Plaintiff from the risk of becoming obligated to pay defense costs post-trial in the event the jury does not return a verdict in his favor."  (Id. at 4–5.)

Based on the limited information provided in the Original Joint Motion, the Court indicated it was unable to approve the Original Joint Motion and ordered the parties to submit supplemental briefing.  (See ECF No. 29 at 1–2.)  According to both the Supplemental Brief and the Joint Motion, Plaintiff's counsel has waived all attorney's fees and costs.  (See Suppl. Br. at 11; see also Joint Mot. at 4.)  Thus, the settlement funds payable to Minor Plaintiff are $15,000.00, to be made in the form of a single check for the lump sum of $15,000.00, made payable to "Downtown LA Law Group, LLP, and Petitioner."  (Joint Mot. at 6.)  Minor Plaintiff's counsel argues this settlement is fair and reasonable "[g]iven the evidentiary challenges, the contested liability, and the risk of zero recovery at trial."  (Suppl. Br. at 10.)  Minor Plaintiff's retained expert, Philip

Rosescu, P.E., opined that Defendant "failed to properly illuminate the subject walkway, creating an unreasonably dangerous condition that contributed to the incident." (Id.) Defendant, however, disputed liability and insisted that the incident was caused by the unforeseeable actions of an unidentified patron and further alleged that Minhaj Muneer was contributorily negligent. (Id.) In light of these challenges, Minor Plaintiff's counsel attests that the $15,000 settlement is "a fair and reasonable resolution that avoids the uncertainty of trial." (Id.)

## II.     LEGAL STANDARD

Civil Local Rule 17.1 of the United States District Court for the Southern District of California governs settlements in "action[s] by or on behalf of a minor." See CivLR 17.1(a). Civil Local Rule 17.1 provides that, "[n]o action by or on behalf of a minor . . . , or in which a minor . . . has an interest, will be settled, compromised, voluntarily discontinued, dismissed[,] or terminated without court order or judgment." Id. Civil Local Rule 17.1 further mandates that "[a]ll settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." Id. This rule codifies the district courts' "special duty to safeguard the interests of minor plaintiffs" in the context of civil settlements. See Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011); see also Fed. R. Civ. P. 17(c). The Ninth Circuit has held that this special duty obliges the district court "to 'conduct its own inquiry to determine whether the settlement serves the best interest of the minor.'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A district] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . , even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation modified).

A district court reviewing the settlement of a minor plaintiff's claim should "limit the scope of [its] review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case,

the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181–82. Furthermore, "[a] district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the district court has no special duty to safeguard their interests. Id. at 1182 (citing Dacanay, 573 F.2d at 1078). A district court should approve the settlement, as proposed by the parties, "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases." Robidoux, 638 F.3d at 1182.

The Ninth Circuit expressly limited its holding in Robidoux to "cases involving the settlement of a minor's *federal* claims." See id. at 1179 n. 2 (emphasis added). When a settlement involves a minor's *state* claims, the district courts have generally applied state law in lieu of the Robidoux framework. See, e.g., DeRuyver v. Omni La Costa Resort & Spa, LLC, No. 17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); J.T. v. Tehachapi Unified Sch. Dist., No. 16-cv-01492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019); A.M.L. v. Cernaianu, LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014). Because Minor Plaintiff's general negligence and premises liability claims are brought solely under California law, the Court will review the settlement under the state law standard, which focuses on "the best interests of the minor." See Anderson v. Latimer, 166 Cal. App. 3d 667, 676 (1985); see also Pearson v. Superior Ct., 202 Cal. App. 4th 1333, 1340 (2012) (explaining that requiring court approval "allows the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest"). The California Probate Code provides the applicable statutory scheme for settlements involving minors. See generally Cal. Prob. Code. §§ 3600–3616. Under the relevant provisions of the California Probate Code, courts have broad discretion "to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." Goldberg v. Superior Ct., 23 Cal. App. 4th 1378, 1382 (1994). To ensure all pertinent factors are assessed, the Court will also consider

the Robidoux standard of determining whether the net recovery is "fair and reasonable." See Robidoux, 638 F.3d at 1181.

### III.   DISCUSSION

#### A.   The Settlement is Fair, Reasonable, and in Minor Plaintiff's Best Interests

Based on the Court's review of the record, the Supplemental Brief, the Joint Motion, and applicable state and federal law, the Court finds that the terms of the settlement are fair, reasonable, and in Minor Plaintiff's best interests. As previously noted, Minor Plaintiff's counsel has waived all attorney's fees and costs. (See Suppl. Br. at 11; see also Joint Mot. at 4–5.) After accounting for the $5,000.00 contractual lien, Minor Plaintiff's net recovery will be $10,000.00. (Joint Mot. at 4.) The settlement, as proposed, is in Minor Plaintiff's best interests because it eliminates the cost, risk, and time commitment of pursuing Minor Plaintiff's case to trial. Additionally, the settlement is fair and reasonable considering Minor Plaintiff has paid minimal out-of-pocket medical expenses (only $250.00 out of $8,534.87 in total medical expenses). (See ECF No. 28 at 3; see also Joint Mot. at 4.) The record indicates Minor Plaintiff can expect future medical care in the form of follow-up orthopedic visits, imaging studies, and physical therapy but does not provide an estimate for future medical expenses. (See Suppl. Br. at 9.)

Although the Joint Motion and the Supplemental Brief neglect to discuss recovery in similar cases, the Court has performed its own independent review of cases involving similar facts and finds that the settlement of Minor Plaintiff's claims is consistent with minors' compromises approved in similar cases. For example, this Court held that a net recovery of $8,713.76 was fair and reasonable for a minor who sustained a closed fracture of the tibia and fibula of the left leg after being struck by a van while riding a bicycle. See T.P. v. United States, No. 10-cv-0295-AJB-RBB, 2011 U.S. Dist. LEXIS 110897, at *6 (S.D. Cal. Sept. 28, 2011). In T.P., the minor suffered a closed fracture of the left leg, wore a cast for seven weeks, and experienced continued weakness. Id. at *2–3. In another case, this Court held that a net recovery of $5,000.00 was fair and reasonable

for a minor who sustained a fractured femur after a shopping cart flipped over while the minor was seated in the cart. See J.D. v. Costco Wholesale Corp., No. 22-cv-1124-RBM-BLM, 2022 WL 17176833, at *1–2 (S.D. Cal. Nov. 22, 2022), report and recommendation adopted, 2022 WL 17547785 (S.D. Cal. Dec. 9, 2022). Here, like in J.D., Minor Plaintiff sustained a fractured femur, wore a cast for approximately two months, and reported weakness post-recovery. (See Suppl. Br. at 7–8.) However, Minor Plaintiff's counsel represents that Minor Plaintiff "has recovered from the effects of the injuries." (Joint Mot. at 3.)

Minor Plaintiff's net recovery of $10,000.00 is comparable to typical recoveries obtained by minors in personal injury actions. See, e.g., Alsammarraie v. United States, No. 24-cv-2059-MMA-BLM, 2025 WL 855289, at *4 (S.D. Cal. Mar. 19, 2025) (finding fair and reasonable a net recovery of $8,576.41 for a minor who suffered knee, back, and neck pain after a car accident); Castro v. United States, No. 19-cv-02240-AJB-JLB, 2022 WL 594545, at *4 (S.D. Cal. Feb. 28, 2022), report and recommendation adopted, 2022 WL 959649 (S.D. Cal. Mar. 30, 2022) (approving net recoveries of $13,241.67, $13,522.98, and $12,630.46 for minors who suffered temporary back and neck pain, headaches, and mild concussions after a car accident); K.A.K. v. Kohl's Dep't Stores, Inc., No. 19-cv-3276-RSWL-JPRx, 2021 WL 2376931, at *3 (C.D. Cal. Feb. 5, 2021) (finding fair and reasonable a net recovery of $11,835.93 for a minor who sustained facial injuries after being struck by a plastic sale sign); Motlagh v. Macy's Corp. Servs., Inc., No. 19-cv-00042-JLB, 2020 WL 7385836, at *5 (S.D. Cal. Dec. 16, 2020) (finding fair and reasonable a net recovery of $6,952.19 for a minor who sustained injuries including lacerations, abrasions, and contusions after falling on an escalator in a department store); M.M. v. United States, No. 14-cv-2854-BAS-NLS, 2015 WL 3417906 (S.D. Cal. May 1, 2015) (finding fair and reasonable a net recovery of $13,902.15 for a minor who sustained a gash on her forehead after tripping and falling into a window sill with sharp edges at a daycare facility).

//

The settlement, as proposed, provides Minor Plaintiff with compensation on par with recoveries in similar personal injury actions. The settlement allows recovery for Minor Plaintiff and eliminates the costs and risks of trial. Thus, the Court finds that the net recovery of $10,000.00 is fair, reasonable, and in Minor Plaintiff's best interests.

### B.  Attorney's Fees and Costs

The California Probate Code provides that expenses—including attorney's fees and costs—to be paid out of a settlement in which a minor has an interest must be approved by the court. See Cal. Prob. Code §§ 3600–01. Here, Minor Plaintiff's counsel has waived all attorney's fees and costs. (Suppl. Br. at 11; Joint Mot. at 4.) Therefore, the Court need not consider whether counsel's attorney's fees and costs are reasonable.

### C.  Disbursement of Settlement Funds

Under the California Probate Code, courts can approve a variety of methods for the disbursement of settlement funds. See Cal. Prob. Code. §§ 3600–3616. Here, the Joint Motion proposes the disbursement of settlement funds as follows: "Payment shall be made in the form of a single check for the lump sum of $15,000.00, made payable to 'Downtown LA Law Group, LLP, and Petitioner.'" (Joint Mot. at 6.) The California Probate Code provides that "all or any part of the money and other property [may] be transferred to a custodian for the benefit of the minor." Cal. Prob. Code § 3611(f). Accordingly, the Court approves of the disbursement of settlement funds in the form of a single check for the lump sum of $15,000.00, made payable to Minhaj Muneer as guardian ad litem for Minor Plaintiff.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds the settlement to be a fair and reasonable resolution of this case in the best interests of Minor Plaintiff, under both state and federal law. **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order (1) **ADOPTING** this Report and Recommendation and (2) **GRANTING** the Joint Motion for Approval of Minor's Compromise [ECF No. 38].

//

Any party may file written objections with the District Court and serve a copy on all parties on or before **January 6, 2026**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **January 20, 2026.** The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  December 22, 2025

Honorable Michael S. Berg
United States Magistrate Judge